**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAMIAN L. DUDLEY,

Plaintiff-Appellant,

v.

UNKNOWN COMPTON, CO IV; et al.,

Defendants-Appellees.

No.    17-16745

D.C. No. 2:15-cv-02425-SMM-JZB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Damian L. Dudley, an Arizona state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo cross-motions for summary judgment.  *Ford v. City of*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Yakima*, 706 F.3d 1188, 1192 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment on Dudley's deliberate indifference claims because Dudley failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Dudley's foot problems. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; a mere difference in medical opinion is insufficient to establish deliberate indifference); *see also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139-40 (9th Cir. 2012) (to assert §1983 claim against a private entity performing a government function, there must be a constitutional violation).

The district court did not abuse its discretion by allowing defendant Compton to supplement the statement of facts for his motion for summary judgment because Dudley suffered no prejudice. *See Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1192 (9th Cir. 1996) (standard of review for motion to supplement the record).

The district court did not abuse its discretion by accepting Compton's declaration in support of his motion for summary judgment into evidence because the declaration was signed under penalty of perjury, and Compton had personal knowledge of the facts in his declaration. *See Block v. City of Los Angeles*, 253

17-16745

F.3d 410, 416, 419 (9th Cir. 2001) (setting forth standard of review and explaining that a court can consider declarations for purposes of summary judgment if the declarations comply with Federal Rule of Civil Procedure 56); *see also* Fed. R. Civ. P. 56(c).

The district court did not abuse its discretion by denying Dudley's motion for discovery sanctions because Dudley failed to demonstrate any sanctionable conduct. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (standard of review).

We reject as unsupported by the record Dudley's contention that the district court failed to allow him to amend his deprivation of property claim.

We do not consider matters not specifically and distinctly raised and argued in the opening briefs, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Dudley's motion for sanctions (Docket Entry No. 28) is denied.

**AFFIRMED.**